**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

CHRISTOPHER MICHAEL MCKENZIE

   Petitioner,

     v.

WARDEN WALTER BERRY,

   Respondent.

CIVIL ACTION NO.: 6:16-cv-48

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher McKenzie ("McKenzie"), who is currently incarcerated at Central State Prison in Macon, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence obtained in the Toombs County, Georgia, Superior Court. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss. (Docs. 13, 14.) McKenzie filed a Response to the Motion to Dismiss. (Doc. 17.) For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** McKenzie's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** McKenzie *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

McKenzie pleaded guilty to one count of cruelty to children in the Toombs County Superior Court on November 7, 2011. He was sentenced to a split sentence of 15 years, with seven years to serve in prison. (Doc. 1, p. 1; Doc. 15-2, p. 2.) McKenzie did not file a direct appeal. (Doc. 1, p. 2.)

McKenzie filed an application for writ of habeas corpus in the Bibb County Superior Court on October 22, 2014. (Doc. 15-1.) The Bibb County Superior Court denied McKenzie's application by order dated April 16, 2015. (Doc. 15-2.) McKenzie did not file an application for a certificate of probable cause to appeal the denial of his state habeas corpus petition. McKenzie executed his Section 2254 Petition on March 28, 2016, and it was filed in this Court on April 18, 2016. (Doc. 1.)

## DISCUSSION

In his Petition, which was executed on March 28, 2016, McKenzie states his trial counsel rendered ineffective assistance because his plea was not entered into knowingly and voluntarily because the charge to which he pled guilty is not a lesser-included offense of aggravated sexual battery. (Doc. 1, pp. 5–6.) McKenzie contends the accusation against him is void, in violation of the Sixth Amendment, because it does not inform him of the nature of the charge or contain the essential elements of the charged offense. (Id. at p. 6.) McKenzie asserts his competency was not determined before the acceptance of his plea. Finally, McKenzie maintains his plea to the accusation is void because there was insufficient evidence to support his plea. (Id.)

Respondent contends McKenzie untimely filed his Section 2254 Petition because he did not file it within one year of his Toombs County conviction being "final". Respondent also argues that McKenzie is not entitled to equitable tolling of the applicable statute of limitations period. (Doc. 14-1, p. 4.) McKenzie filed a Response to the Motion to Dismiss, yet he did not address Respondent's contention that his Section 2254 Petition is untimely. (Doc. 17.) The Court now addresses Respondent's contentions.

## I. Whether McKenzie Timely Filed his Petition

Because Respondent raises the issue of the timeliness of McKenzie's Petition, this Court must look to the applicable statute of limitations periods. A petitioner seeking to file a federal habeas petition has one year within which to file his petition. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

McKenzie's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). McKenzie was convicted in the Toombs County Superior Court on November 10, 2011, and he was sentenced on the same date. (Doc. 1, p. 1.) McKenzie had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). McKenzie did not file an appeal, and thus, his conviction was final on December 10, 2011. Because McKenzie's conviction became final on December 10, 2011, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to Section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, McKenzie's conviction became final on December 10, 2011. He had one year from that date, or until December 10, 2012, to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for State post-conviction or other collateral review. McKenzie filed his state habeas corpus petition on October 22, 2014, which was nearly two years after his conviction became final. By that time, the statute of limitations period applicable to Section 2254 petitions had expired. Consequently, the filing of his state habeas corpus petition did not toll the federal statute of limitations. On its face, McKenzie's Petition was filed untimely. However, it must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his Section 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

McKenzie sets forth no assertion that he is entitled to equitable tolling of the statute of limitations. To be sure, McKenzie offers no reason why he waited nearly two years after his state court conviction was final to file a state habeas corpus petition. In fact, McKenzie essentially fails to respond to Respondent's contentions that his Section 2254 Petition was filed untimely and that he is not entitled to equitable tolling. Accordingly, McKenzie is not entitled to equitable tolling.

For all of these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** McKenzie's Petition as untimely filed.

## II.    Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny McKenzie leave to appeal *in forma pauperis* and deny him a Certificate of Appealability ("COA"). Though McKenzie has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant."

(emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct

to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of McKenzie's Petition and Respondent's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** McKenzie *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 14), **DISMISS** McKenzie's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** McKenzie leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon McKenzie and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of December, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA